OPINION *Page 2 
{¶ 1} Defendant-appellant Willie Alfred Parish appeals his conviction and sentence entered by the Stark County Court of Common Pleas, on one count of possession of cocaine, in violation of R.C. § 2925.11(A), (C)(4)(c), after the trial court found him guilty following Appellant's entering a plea of no contest. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On September 18, 2006, the Stark County Grand Jury indicted appellant on the aforementioned charge. Appellant entered a plea of not guilty at his arraignment. Appellant filed a Motion to Suppress, requesting the trial court to prohibit the State from presenting any evidence obtained during the search of the vehicle. The trial court conducted a hearing on November 6, 2006.
 {¶ 3} Sgt. John Dittmore of the City of Canton Police Department testified he was surveilling an apartment building on the 2700 block of Rowland Avenue, N.E., in Canton, Ohio, on July 25, 2006. Sgt. Dittmore explained he is the supervisor of the Gang Unit. Sgt. Dittmore and the officers he was supervising were assisting the police department Vice Unit and the Stark County Metropolitan Narcotics Unit in the surveillance of an individual named Dontez Lewis. The Stark County Metropolitan Narcotics Unit had received information that Lewis was supplying crack cocaine to other individuals and was selling the drug from that location.
 {¶ 4} The sergeant described the neighborhood where the apartment building is located as residential and a low area for drug activity. On the evening in question, Sgt. Dittmore observed Jarvis Moore driving a maroon Buick Roadmaster. Moore parked the vehicle near the building Sgt. Dittmore was watching. Appellant was *Page 3 
a passenger in the vehicle. At about the same time, Dontez Lewis and a female also arrived. Lewis walked toward the door of the apartment complex when Moore made contact with him. Moore and Lewis spoke briefly and walked into the building together.
 {¶ 5} Earlier that evening, Sgt. Dittmore observed an individual named Benjamin Tyson, with whom the officer had past dealings, arrive at the residence. Tyson entered the building and exited a short time later. Sgt. Dittmore provided the information to Canton Police Officer Steven Swank, who was in a marked vehicle. Officer Swank initiated a traffic stop after observing Tyson commit a traffic violation. During the stop, Tyson was found to be in possession of crack cocaine.
 {¶ 6} Approximately one hour later, Sgt. Dittmore watched Moore enter and leave the apartment building in a similar fashion to Tyson. Upon exiting the apartment building, Moore possessed a small brown bag. Sgt. Dittmore observed that appellant remained in the vehicle during Moore's entry into the apartment building. Sgt. Dittmore noted, based upon his training and experience, and upon the observation made in the earlier stop in which crack cocaine was found, he believed the bag Moore was carrying contained narcotics. Sgt. Dittmore added that multiple people coming to an apartment over a short period of time indicated drug activity. Additionally, the department had received complaints of drug activity occurring at that apartment complex.
 {¶ 7} Sgt. Dittmore relayed the information regarding Moore and appellant to Officer Swank and instructed the officer to maintain surveillance of Mr. Moore after he left the area and to make a stop of the vehicle. *Page 4 
 {¶ 8} Officer Swank testified he was involved with the stop of Moore's vehicle on July 25, 2006. Officer Swank stated he stopped the vehicle because he was directed by Sgt. Dittmore to do so based upon previously obtained information. The officer recalled the Sergeant wanted him to make the stop because he (Sgt. Dittmore) believed Moore had made a pickup of illegal narcotics from the apartment building his unit had been surveilling. Once Moore stopped his vehicle, Officer Swank approached the driver's side and made contact with Moore. The officer requested Moore's driver's license, but Moore informed him he did not have one at that time. Officer Swank instructed Moore to exit the vehicle and then secured him in handcuffs.
 {¶ 9} Canton Police Det. Kevin Sedares testified he was involved in the stop of a vehicle driven by Moore on July 25, 2006. Prior to the vehicle being stopped by Officer Swank, Det. Sedares began to follow the vehicle in the area of 24th or 25th Street and Rowland Avenue. The detective followed Moore's vehicle South to 19th Street. Officer Swank appeared and initiated the traffic stop at the intersection of 19th and Market Street. Det. Sedares recalled the vehicle did not stop immediately after Officer Swank activated his overhead lights. He observed a lot of movement in the vehicle and sent an advisement over the radio that Moore and his passenger might be ready to run out of the vehicle. When asked for the reason of the stop of the vehicle, Det. Sedares answered: "Suspicious of drug activity." Because of the movement in the vehicle prior to the stop, the detective had a raised level of suspicion of weapons in the vehicle. While Officer Swank approached the driver's side, Det. Sedares maintained a position of cover at the right rear passenger side of the vehicle. The detective made contact with appellant after Officer Swank began to talk with Moore. Det. Sedares *Page 5 
instructed appellant to step out of the vehicle, asked his identity, and patted him down for weapons. Officer Sedares did not find any weapons on appellant.
 {¶ 10} Officer Swank testified he later searched appellant after appellant gave him consent to do so. During the search, Officer Swank discovered a large marble size bulge between appellant's buttocks. Officer Swank inquired whether the bulge was crack cocaine, and appellant confirmed that it was. Appellant also told Officer Swank that Moore had thrown the crack cocaine into his lap and told him to hide it. During the search of the vehicle, Officer Swank recovered a brown paper bag with a half-empty 40-ounce container of beer inside.
 {¶ 11} Following the testimony of the officers', counsel for the parties presented closing arguments to the trial court. The trial court found the officers had a reasonable articulable suspicion of criminal activity to stop Moore's vehicle. The trial court further found the officers did not violate appellant's constitutional rights regarding the stop. Based upon the findings, the trial court overruled appellant's Motion to Suppress/Dismiss. The trial court memorialized its decision via a Judgment Entry filed November 7, 2006. On November 13, 2006, appellant appeared before the trial court and entered a plea of no contest to one count of possession of cocaine. The trial court found appellant guilty and sentenced him to a period of incarceration of one year.
 {¶ 12} It is from this conviction and sentence Appellant appeals, raising the following assignment of error:
 {¶ 13} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 I. *Page 6 {¶ 14} In his sole assignment of error, Appellant contends the trial court erred in failing to grant his motion to suppress because the police did not have a reasonable and articulable suspicion to stop and search appellant.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. *Page 7 
 {¶ 16} As the United States Supreme Court held in Ornelas v.U.S., (1996), 517 U.S. 690, 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 17} In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Guysinger, supra, at 594 (Citations omitted). Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. (Citation omitted).
 {¶ 18} The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." The amendment has been extended to seizures of passengers in traffic stops under the rationale that the amendment "protects people, not places."Katz v. United States (1967), 389 U.S. 347, 351, 88 S.Ct. 507,19 L.Ed.2d 576; See also, Brendlin v. California (2007),127 S.Ct. 2400,168 LE.2d 132 (passenger was seized and entitled to challenge stop). Using the reasonableness requirement of the amendment, the United States Supreme Court has held that a seizure must be reasonable both at its inception and throughout its duration. See Terry v. Ohio (1968),392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889. A traffic stop is considered to be "analogous" to a Terry stop. Berkemer v. McCarty (1984),468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317. Thus, in order to effect a valid traffic stop, the police need only have a reasonable suspicion that some illegality has occurred or is occurring in order to stop a vehicle to investigate. Id. The basis for this suspicion, however, must be clearly articulable. Terry, 392 U.S. at 21. *Page 8 
 {¶ 19} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 20} At the onset, we note this Court has ruled in the case ofState v. Moore, Stark Co. App. No. Case No. 2006CA00344, 2007-Ohio 4289) that the initial stop of the Moore vehicle was unconstitutional because "[although the facts known to Dittmore indicated a drug transaction had possible occurred, such does not rise to the level of a reasonable suspicion Appellant [Moore] actually participated in criminal activity." Id. at ¶ 21.
 {¶ 21} In this case, Sgt. Dittmore provided all the details upon which to base a stop of the vehicle in which appellant was a passenger. Sgt. Dittmore was conducting surveillance of a suspected drug dealer, Lewis. (T. at 9). The sergeant testified that an arrest of one individual took place after contact with Lewis. (T. at 10). He observed Moore drive a vehicle to the apartment complex and wait until Lewis arrived. (T. at 12). He saw Moore exit the vehicle and approach Lewis. Lewis and Moore spoke and then entered the building. (T. at 12). Sgt. Dittmore did not know *Page 9 
which apartment they entered. (T. at 21). Moore then returned to his vehicle with a brown paper bag. (T. at 15). Appellant remained in the vehicle throughout the entire exchange. (T. at 22). Appellant did not speak with Lewis. (T. at 23). Sgt. Dittmore did not recognize appellant. (T. at 22). Moore then drove the vehicle away with appellant in the passenger seat. (T. at 15). Sgt. Dittmore relayed this information to Officer Swank and instructed Officer Swank to stop Moore's vehicle. (T. at 17).
 {¶ 22} In accordance with our holding in Moore, we hold there was no reasonable suspicion under Terry to stop the vehicle. The information which Sgt. Dittmore relayed to the officers was scant at best. He may have had a hunch there was criminal activity. An officer may not predicate a stop upon intuition or a hunch. Columbus v. Holland (1991),76 Ohio App.3d 196, 601 N.E.2d 190. There must be reasonable suspicion for a stop and that was missing here. Because we find there was no justification for the stop of the vehicle, any search occurring after the stop is also outside the bounds of constitutionality.
 {¶ 23} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 24} The judgment of the Stark County Court of Common Pleas is reversed and the cause is remanded to the trial court for further proceedings consistent with the law and this opinion.
 Delaney, J., Hoffman, P.J. and Farmer, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1